UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FELDMAN *on behalf of Hubert MacDonald*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Case No.: 12-cv-2329-AJB-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR FEES PURSUANT TO 42 U.S.C. § 406(b); AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>(Doc. Nos. 39, 40) |

Presently before the Court is Plaintiff's counsel Lawrence D. Rohlfing's ("Counsel") motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) filed on December 8, 2017. (Doc. No. 40-1.) Defendant filed a response on December 18, 2017, stating that he does not assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits. (Doc. No. 41 at 2.) For the reasons set forth below, the Court **GRANTS** Counsel's motion.

## **BACKGROUND**

On September 25, 2012, Plaintiff filed a complaint that sought judicial review of the Commissioner's decision to deny Plaintiff's claim for benefits. (*See generally* Doc. No. 1.) Thereafter, Plaintiff was granted leave to proceed in forma pauperis. (Doc. No. 4.)

Subsequently, on January 31, 2013, Plaintiff filed a motion for summary judgment and on March 15, 2013, Defendant filed his cross-motion for summary judgment. (Doc. Nos. 13, 14.) Just four days later, Plaintiff filed a motion to remand. (Doc. No. 16.)

On August 7, 2013, Magistrate Judge Ruben B. Brooks filed his Report and Recommendation ("R&R") that recommended that Plaintiff's motion for remand be granted and the motion for summary judgment and cross-motion for summary judgment be denied. (Doc. No. 26 at 2.) By the deadline set by the Court, Defendant filed his objection. (Doc. No. 27.) On October 16, 2013, the Court adopted the R&R in its entirety. (Doc. No. 29.)

Following this, both parties jointly moved and the Court granted their request for attorney fees and expenses in the amount of $9,000.00 for Pamela Feldman under the Equal Access to Justice Act ("EAJA"). (Doc. Nos. 30, 34.) On March 7, 2017, the Clerk granted entry of judgment in this matter in favor of Plaintiff and against Defendant based on the decision of the Commissioner on remand. (Doc. No. 37.) On December 8, 2017, Counsel filed the present motion, his motion for attorney's fees. (Doc. No. 38.) On the same day, Counsel filed a motion to strike ECF Document number 38 stating that it had been filed in error. (Doc. No. 39.) Consequently, Counsel re-filed his motion. (Doc. No. 40.)

## **DISCUSSION**

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, governs the award and collection of fees by attorneys representing claimants seeking old-age, survivor, or disability insurance benefits. 42 U.S.C. § 406(b) specifically governs the award and collection of fees by attorneys for the representation of claimants in court.

Under 42 U.S.C. § 406(b) the fees an attorney may charge a Social Security claimant for representation in court are as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The fee is paid by the claimant out of the past-due benefits awarded and the losing party is not responsible for payment. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Also, in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," *id*. at 806, the court-awarded fee is the only way a successful attorney may recover fees for work performed before the district court. *Id*. at 806–07. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. 42 U.S.C. § 406(b)(2).

In 2002, the Supreme Court resolved a split in the circuits in favor of acknowledging the importance of lawful attorney-client fee agreements and against a "lodestar approach" to determining reasonable attorney fees in cases where claimants prevailed in federal court. *Gisbrecht*, 535 U.S. at 790. Ultimately, the Supreme Court concluded that "the provision limiting attorney fees to 25 percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that are within the statutory ceiling." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1035–36 (N.D. Cal. 2003).

Based on the foregoing, the Court must now determine if the fee is "reasonable." *See Gisbrecht*, 535 U.S. at 807 (holding that Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to the holding in *Gisbrecht*, the Court's independent check demonstrates that the fee in light of the particular circumstances is reasonable.

First, Counsel seeks a fee that is almost exactly 25% of the past due benefits paid or payable to Plaintiff.[1] (Doc. No. 40-1 at 2.) Thus, the request is within the statutory and contract-based maximum of 25% of past-due benefits. Second, Counsel has demonstrated and the Court agrees that an attorney with his experience earning $823.98 per hour does

---

[1] Counsel seeks a fee of $21,300.00, whereas 25% of the retroactive benefits is $21,378.75. (Doc. No. 40-1 at 2.)

3

| | |
|---|---|
| 1 | not amount to a windfall as a matter of law. (*Id.* at 4–5 (*see Hunnicut-Lott v. Commissioner |
| 2 | *of Social Sec.*, Case No.: 12cv2741 AJB (KSC), 2015 WL 7302734, at *2 (S.D. Cal. Nov. |
| 3 | 18, 2015) (finding an hourly rate of approximately $531.00 reasonable); *see also Knudsen* |
| 4 | *v. Colvin*, No. CV 11-5093, 2015 WL 4205319, at *2 (C.D. Cal. July 10, 2015) (hourly |
| 5 | rate of $973.78 for 26.7 hours of work was reasonable); *Davidian v. Astrue*, No. CV 06- |
| 6 | 7801-E, 2008 WL 2977458, at *2 (C.D. Cal. July 28, 2008) ("Neither the character of the |
| 7 | representation nor the results the representative achieved suggest the unreasonableness of |
| 8 | the fee sought.") (internal quotation marks omitted)). Third, as demonstrated by this |
| 9 | Court's conclusion that Plaintiff's motion for remand be granted, it is clear that Counsel |
| 10 | devoted careful attention and time to this case. Finally, Defendant does not oppose this |
| 11 | motion, but instead states that it takes no position on whether the fee is reasonable under |
| 12 | applicable case law. (Doc. No. 41 at 2.) |

For the reasons set forth above, the Court awards Plaintiff's counsel, Lawrence D. Rohlfing, the sum of $21,300.00 in fees under 42 U.S.C. § 406(b). The Court further directs Counsel to refund $9,000.00 to Pamela Feldman on behalf of Hubert MacDonald to offset the fees already granted under the EAJA, resulting in a net of a § 406(b) fee of $12,300.00.

As to Counsel's motion to strike, the Court **GRANTS** the motion finding that the erroneously filed document is immaterial to the present matter. (Doc. No. 39 (*see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").)

///
///
///
///
///
///
///
///

4

## CONCLUSION

Plaintiff's counsel's motion for attorney's fees is **GRANTED**. (Doc. No. 40.) Mr. Lawrence D. Rohlfing is awarded $21,300.00 in attorney's fees. Mr. Rohlfing will reimburse Plaintiff in the amount of $9,000.00, previously paid under the EAJA. Additionally, Plaintiff's motion to strike ECF Document number 38 is **GRANTED**.

**IT IS SO ORDERED**.

Dated: January 3, 2018

Hon. Anthony J. Battaglia
United States District Judge